1:20 MJ 4210

## Affidavit

I, Dave Carney, a Police Officer with the Westlake Police Department in the County of Cuyahoga, being duly sworn, depose and state as follows:

1. I have been employed as a Police Officer with the City of Westlake since 2001, and I am currently assigned to the Westlake Detective Bureau working narcotics. I was assigned to the Northern Ohio Law Enforcement Task Force (NOLETF) from October 2009 to June 2019 in the Northern District of Ohio and elsewhere. While employed by the Westlake Police Department and NOLETF, I have participated in investigations targeting individuals and organizations involved in drug trafficking offenses in the City of Westlake, County of Cuyahoga, and in the Northern District of Ohio and elsewhere. I have gained experience through training and everyday work related to conducting these types of investigations.

2. I am a "law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I have participated in the preparation of affidavits in support of numerous search and arrest warrants for violations of federal drug laws contained in Title 21, United States Code, as well as in the execution of the same. Affiant has also participated in Title III wiretap investigations, to include authoring several Title III affidavits and analyzing pen registers and telephone toll data. In addition, I have on numerous occasions, as a Task Force Officer with Northern Ohio Law Enforcement Task Force (NOLETF) as well as with the City of Westlake Police narcotics, made seizures of contraband, conveyances, currency, drug paraphernalia, and firearms possessed or used in relation to violations of Title 21, United States Code, Section 841. This affidavit is being submitted for the limited purpose of establishing probable cause that Johnathan Bella, of Parma,

Ohio, has violated 21 U.S.C. § 841(a)(1) (distribution and possession with the intent to distribute a controlled substance, namely a mixture of Heroin and Fentanyl, Schedule I and Schedule II controlled substances, respectively); and 18 U.S.C. § 922(g)(1) (felon in possession of firearms). As such, this affidavit does not include every fact known to me regarding this investigation, but will seek to summarize the relevant information.  The statements made in this affidavit are based in part on information provided by members of the Westlake Police Department (WPD), Parma Police Department (PPD) as well as on your Affiant's own investigation of this matter.

## Probable Cause

3. On May 26, 2020, a controlled buy/walk of heroin was initiated from Johnathan Bella.  The CI who has proven to be reliable, provided phone number 216-650-2503 to Affiant and identified this number as belonging to Bella.  At my direction, the CI contacted Bella at 216-650-2503 and requested to purchase an amount of heroin from Bella.  Bella instructed the CI to go to his residence at 5757 Pearl Rd. Parma, Ohio.  Affiant avers that CI was searched and found free of contraband.  CI was supplied with an amount of U.S. Currency from Westlake Police Narcotics funds.  CI was fitted with an electronic monitoring and recording device.  CI was kept under surveillance.  CI traveled to 5757 Pearl Rd. and waited for Bella to return to the residence. Bella instructed CI that a male, later identified as Jordan Hickman, would arrive to deliver the heroin to CI.  Hickman was seen by surveillance units arriving at 5757 Pearl Rd., then entering the residence.  Hickman was then seen meeting with CI.  Hickman was seen wearing a ballistic vest while meeting with CI.  Hickman explained that he was instructed by Bella to sell 15 grams of heroin to the CI.  The deal was completed inside 5757 Pearl Rd.  Affiant then met with the CI at a predetermined location.  Affiant retrieved the heroin and it was field tested with a positive

test result. The heroin has been sent to Cuyahoga County Regional Forensic Science Laboratory (CCRFSL) for further lab analysis.

4. On May 28, 2020, a second controlled buy/walk of heroin was initiated utilizing the CI. Bella was contacted at phone number 216-650-2503. At my direction, the CI requested to purchase an amount of heroin from Bella. Bella instructed the CI to go Bella's residence at 5757 Pearl Rd., Parma, Ohio. Affiant avers the CI was searched and found free of contraband. CI was supplied with an amount of money from Westlake Police Narcotic funds. CI was fitted with an electronic monitoring/recording device. CI was kept under surveillance. CI went to 5757 Pearl Rd. and met with Bella at the residence. While in the residence, CI noted a number of weapons such as handguns and an assault rifle were present in the room with Bella as well as heroin. Bella prepared the heroin to sell to the CI by weighing it out. Bella completed the transaction by selling 7 grams of heroin to the CI. CI met with Affiant at a predetermined location. Affiant retrieved the heroin as evidence. CI was again searched and found free of contraband. The heroin retrieved was placed into Westlake Police Evidence. The heroin has been sent to Cuyahoga County Regional Forensic Science Laboratory (CCRFSL) for further lab analysis.

5. On June 1, 2020 a third controlled buy/walk of heroin was initiated utilizing the CI. Bella was contacted at phone number 216-650-2503. At my direction, the CI requested to purchase an amount of heroin from Bella. Bella instructed the CI to go Bella's residence at 5757 Pearl Rd., Parma, Ohio. Affiant avers the CI was searched and found free of contraband. CI was supplied with an amount of money from Westlake Police Narcotic funds. CI was fitted with an electronic monitoring/recording device. CI was kept under surveillance. CI went to 5757 Pearl Rd. and met with Bella at the residence. Bella completed the deal by selling the CI approximately 7 grams of heroin. Jordan Hickman was in the room of the residence where the heroin transaction

between Bella and CI was completed.  CI met with Affiant at a predetermined location.  Affiant retrieved the heroin as evidence.  CI was again searched and found free of contraband.  The heroin was placed into Westlake Police Evidence and submitted to Cuyahoga County Regional Forensic Science Laboratory (CCRFSL) for further lab analysis.

6. On June 4, 2020, a fourth controlled purchase of heroin was initiated utilizing the CI.  Bella was contacted at phone number 216-650-2503.  At Affiant's direction, the CI requested to purchase an amount of heroin from Bella.  Bella instructed the CI to go Bella's residence at 5757 Pearl Rd., Parma, Ohio.  Affiant avers the CI was searched and found free of contraband.  CI was supplied with an amount of money from Westlake Police Narcotic funds.  CI was fitted with an electronic monitoring/recording device.  CI was kept under surveillance.  CI went to 5757 Pearl Rd. and met with Bella at the residence.  Bella completed the deal by selling the CI approximately 10 grams of heroin.  CI met with Affiant at a predetermined location. Affiant retrieved the heroin as evidence.  CI was again searched and found free of contraband.  The heroin was placed into Westlake Police Evidence and submitted to Cuyahoga County Regional Forensic Science Laboratory (CCRFSL) for further lab analysis.

7. Upon your Affiant's review of surveillance video which was seized during the heroin transaction of June 4, 2020 from Bella at 5757 Pearl Rd., Parma, Ohio, Bella was seen handling a handgun from the area of his waistband.  Bella placed the handgun on a dresser in which the heroin was present as well as U.S. currency.  The CI explained to your Affiant that Bella was in possession of what appeared to be 50 to 100 grams of heroin at the time of this heroin deal.  I am aware that Bella is under disability from owning or possessing a firearm due to previous felony drug trafficking convictions.

8. On June 7, 2020, a fifth controlled buy/walk of heroin was initiated utilizing the CI. Bella was contacted at phone number 216-650-2503. Your Affiant directed the CI to request to purchase an amount of heroin from Bella. Bella instructed the CI to go Bella's residence at 5757 Pearl Rd., Parma, Ohio. The CI was searched and found free of contraband. The CI was supplied with an amount of money from Westlake Police Narcotic funds. The CI was fitted with an electronic monitoring/recording device. The CI was kept under surveillance. The CI went to 5757 Pearl Rd. and met with Bella at the residence. Bella completed the deal by selling the CI approximately 14 grams of heroin. CI then met with Affiant at a predetermined location. Affiant retrieved the heroin as evidence. CI was again searched and found free of contraband. The heroin was placed into Westlake Police Evidence and submitted to Cuyahoga County Regional Forensic Science Laboratory (CCRFSL) for further lab analysis.

9. During the fifth heroin transaction between CI and Bella, Jordan Hickman again was present. I noted from electronic surveillance that a child approximately 5 years old was also inside the residence while the heroin transaction was completed. CI informed me that a number of guns were visible in a room in which Bella completed the heroin transaction.

10. On June 10, 2020, your Affiant applied for a search warrant from Cuyahoga County for 5757 Pearl Rd., Parma, Ohio. The search warrant and affidavit was provided to Cuyahoga County Common Pleas Court Judge Steve Gaul who granted/signed the search warrant.

11. On June 11, 2020, the search warrant was served at 5757 Pearl Rd., Parma, Ohio. During execution of the search warrant, Bella fled the location in a vehicle. Investigators seized six guns during the execution of the search warrant described as a Mossberg, 22 caliber assault rifle, with serial number ENI3812953; a 9mm Cobray assault weapon, equipped with a suppressor with serial number 89-0064907; Sig Sauer, P250 9 mm handgun, fully loaded with serial number

EAK159749; a Sterling, 25 caliber handgun, with serial number H011611; a dismantled M1 Carbine rifle, with serial number 446281; and a Remington 870 shotgun, with serial number AH74347M.  All of the weapons have ammunition in magazines ready at hand if they were not already loaded.  All the firearms were manufactured outside the State of Ohio and traveled in interstate commerce.  Also, located the residence was narcotics, which are expected to test positive for heroin and fentanyl, "cutting agents", pressed pills suspected to contain fentanyl, as well as equipment used to mix narcotics.  Surveillance equipment and proceeds of drug trafficking were also seized.  The narcotics are to be tested by the Cuyahoga County Regional Forensic Science Laboratory.

12. On June 11, 2020, before the execution of the search warrant, your Affiant received lab reports back from the Cuyahoga County Regional Forensic Science Laboratory from the previous buy/walks from Bella at 5757 Pearl Rd., Parma.  The results of the lab reports for the buy/walks 1 through 3 are positive for Acetylfentanyl, Fentanyl, and 4-ANPP with a total weight of 32.01 grams.  The lab report for buy/walk four is positive test for Acetylfentanyl, Fentanyl, 4-ANPP and Heroin with a weight of 8.5 grams.  Lab results for the 5th buy as well as all narcotics seized during the search warrant are not yet available.

**Conclusion**

13.     Based on the preceding paragraphs, your Affiant submits there is probable cause to believe that Johnathan Bella has violated 21 U.S.C. § 841(a)(1), distribution and possession with the intent to distribute controlled substances and 21 U.S.C. § 922(g)(1), being a felon in possession of firearms.

_____
Dave Carney
Task Force Officer
Federal Bureau of Investigation

Sworn to via telephone after Submission
by reliable electronic means.
Fed.R. Crim. P.3, 4(d) and 4.1

Date:    06-16-2020

_____
JONATHAN D. GREENBERG
UNITED STATES MAGISTRATE JUDGE